# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              Plaintiff,

      vs.                      **Case No. 09-40041-01-10-RDR**

ADAN MOLINA, et al.,

              Defendants.

_____

## <u>MEMORANDUM AND ORDER</u>

This matter is presently before the court upon various pretrial motions filed by some of the parties. On June 3, 2010, the court held oral argument on these motions. The court is now prepared to rule.

BACKGROUND

The initial indictment in this case contained 49 counts and nine defendants and was filed on April 15, 2009. Following the filing of this indictment, three defendants entered guilty pleas. A superseding indictment was filed on April 7, 2010. This indictment contains 63 counts. It was filed against seven defendants, adding new defendant Kelly Rubio who had been previously charged in Case No. 09-40037. Two of the defendants, Filberto Ruiz and Gilberto Martinez-Villa, remain fugitives. Of the remaining five, only three--Adan Molina, Rosendo Figuero-Banuelos and Rubio--have filed pretrial motions. Defendant Molina is named in 59 counts, all but Counts 57 to 60. Defendant

Figuero-Banuelos is named in nine counts of the indictment, Counts 1, 13, 26-28, 30 and 61-63. Defendant Rubio is named in 7 counts, Count 1 and Counts 57 to 62.

In Count 1, the defendants are charged with conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. In Counts 2, 3, 6-9, 11-19, and 21-48, Molina and the other defendants are charged with using a communication facility in committing, causing and facilitating the offense of possessing with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 843(b). In Count 4, Molina and other defendants are charged with conducting and attempting to conduct a financial transaction affecting interstate commerce, to wit: attempted travel from Kansas to Arizona with $30,000 which involved proceeds of drug trafficking with the intent to promote the carrying on of drug trafficking and knowing that transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership or the control of the proceeds of the drug trafficking in violation 18 U.S.C. §§ 2, 1956(a)(1)(A)(I) and (a)(1)(B)(I). In Count 5, Molina and other defendants are charged with attempting to travel from Kansas to Arizona with the intent to promote, manage, establish and carry on an unlawful activity, that is, conspiracy to possess with intent to distribute and dispense 500 grams or more of

2

a mixture or substance containing methamphetamine in violation of 18 U.S.C. §§ 2 and 1952(a)(3). In Counts 10, 20 and 49, Molina and other defendants are charged with distribution of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(b). In Counts 51-56, Molina is charged with using a communication facility in committing, causing and facilitating the offense of possessing with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 843(b). In Counts 57-60, Alfonso Rubio-Ayala and Rubio are charged with using a communication facility in committing, causing and facilitating the offense of possessing with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 843(b). In Count 61, Molina and other defendants are charged with possession with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). In Count 62, Molina and other defendants are charged with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). In Count 63, Molina and other defendants are charged with possession of firearms by illegal aliens in violation of 18 U.S.C. § 922(g)(5).

The grand jury has charged others than those named in the instant superseding indictment in this methamphetamine trafficking conspiracy. The conspiracy is alleged to have occurred from on or about June 15, 2008 to the date of the superseding indictment,

April 7, 2010.  A total of 30 defendants, including the seven presently charged in this case, have been indicted.  Of those 30, at least 17 have entered guilty pleas.  One defendant has proceeded to trial and been found guilty.  Four defendants, including two in this case, remain fugitives.

Defendant Molina has filed the following motions:  (1) motion for bill of particulars; (2) motion for disclosure of grand jury transcripts and minutes; (3) motion for identification of expert witness; (4) motion to exclude co-conspirators' testimonial statements; (5) motion to disclose identities and personal information regarding confidential informants; (6) motion for _James_ hearing; (7) motion to prohibit government from approaching him; and (8) motion for adequate court facilities.  At oral argument, defendant Molina indicated that the court could consider the following motions on the briefs that have been submitted:  (1) motion for identification of expert witness; (2) motion to exclude co-conspirators' testimonial statements; (3)  motion to prohibit government from approaching him; and (4) motion for adequate court facilities.  Defendant Figuero-Banuelos has filed a motion to dismiss.  Defendant Rubio has filed a motion to dismiss or, in the alternative, motion for bill of particulars.  The government has filed a motion to amend/correct the superseding indictment.

The court shall consider the pretrial motions filed by the defendants as directed at the superseding indictment because the

superseding indictment has not changed any of the issues raised by the defendants in their motions. See United States v. Bazuaye, 2004 WL 784835 at *5 (S.D.N.Y. 2004), aff'd, 2008 WL 1813244 (2nd Cir. 2008) ("The filing of a superseding indictment does not have an effect on the pretrial motions filed on the original indictment unless the district court has ruled that the superseding indictment moots the pending motions.") (citation and internal quotation marks omitted). The court notes that only defendant Rubio filed a motion after the filing of the superseding indictment.

MOTION TO AMEND/CORRECT INDICTMENT (Doc. # 146)--Government

The government seeks to amend Count 62 of the superseding indictment by interlineation. The government notes that, in Count 62, the grand jury charges the defendants with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The government further notes that the drug trafficking crime noted is alleged to be the one charged in "Count 62" of the superseding indictment. The government suggests that this is a typographical error and it should refer to "Count 61." None of the defendants filed a response to the government's motion. At oral argument, defendants Molina and Figuero-Banuelos raised objections to the government's motion. Defendant Figuero-Banuelos argued, without citing to any support or authority, that the government should not be allowed to amend the superseding indictment because the proposed change was an essential element of

the offense charged in Count 62.

Substantive amendments to an indictment can only be made by the grand jury. <u>United States v. Cook</u>, 745 F.2d 1311, 1316 (10th Cir. 1984). However, the court may amend an indictment concerning matters of form, including typographical errors. <u>Id</u>.

The error noted by the government is clearly a typographical error that can be corrected by interlineation. Accordingly, this motion shall be granted. The court shall direct the clerk to amend Count 62 by interlineation to change the language from "as alleged in Count 62 herein" to "as alleged in Count 61 herein."

MOTION TO DISMISS (Doc. # 100)--Figuero-Banuelos

The defendant seeks to dismiss the indictment based upon the Speedy Trial Act(STA), 18 U.S.C. §§ 3161 <u>et</u> <u>seq</u>. He contends that seventy days have passed since his arraignment and he has filed no pretrial motions and has not joined in the pretrial motions of his defendants. The government contends there has been no STA violation because the delay in this case that is attributable to one defendant is applicable to all co-defendants.

"The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." <u>United States v. Thompson</u>, 524 F.3d 1126, 1131 (10th Cir. 2008). It generally requires that the trial of a defendant commence within seventy days from the later of the filing date of the information

or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1).  Certain defined periods of delay are automatically excluded from the calculation of the seventy-day time limit.  18 U.S.C. § 3161(h)(1)-(7).  The STA mandates dismissal of the indictment upon defendant's motion if the seventy-day period is exceeded.  18 U.S.C. § 3162(a)(2).

In this case, the speedy trial clock began running on June 23, 2009, the date of the defendant's first appearance before a judicial officer and the date of his co-defendants' first appearances.  The period from that date to the present is 343 days. The court finds that the following periods are excludable pursuant to 18 U.S.C. § 3161(h)(1)(D) because pretrial motions filed by other defendants were pending:  July 15, 2009 to August 20, 2009 [17 days]; September 11, 2009 to September 15, 2009 [5 days]; and September 21, 2009 to date [263 days].  See United States v. Pagan, 714 F.2d 225, 226-27 (2nd Cir. 1983) (exclusions of pretrial motions under original indictment carried over to superseding indictment). Subsection (h)(1)(D) "excludes all time, regardless of reasonable-ness, between the filing of the pretrial motion and the hearing thereon, as well as all time following the hearing during which the court awaits the filing of additional materials by the parties that are needed for proper disposition of the motion." United States v. Mora, 135 F.3d 1351, 1355 (10th Cir. 1998).  These periods of excludable time alone indicate that the defendant's rights under

the STA have not been violated.  <u>See</u> <u>United States v. Shepard</u>, 462

F.3d 847, 864 (8th Cir. 2006) ("[Defendant's] only argument as to

the Speedy Trial Act is that time excluded due to the motions filed

by his codefendants should not toll [his] Speedy Trial Act clock.

[Defendant] contends that because he did not file pretrial motions

himself and cause a delay in the trial date, his clock should have

continued to run.  That, however, is not the law, and thus we find

no error in the district court's calculation and determination that

the Speedy Trial Act was not violated.").  Because the time

excluded for these motions brings the defendant within the seventy-

day STA period, it is unnecessary for the court to discuss whether

the time that the continuance motions were pending is excludable.

Thus, the court finds no violation of the STA.  Accordingly, this

motion must be denied.

MOTION FOR BILL OF PARTICULARS (Doc. # 64)--Molina

     The defendant seeks a bill of particulars due to the

complexity of the charges in this case.  Specifically, he notes (1)

the extended period of time over which the conspiracy is alleged to

have occurred; and (2) the number of alleged co-defendants and the

number of allegedly known but unidentified co-conspirators.  He

asserts that the indictment and the discovery provided by the

government fails to provide the following:  (1) the identity of all

known but unidentified co-conspirators; (2) the location where the

alleged conspiracy was formed; (3) the manner in which the alleged

conspiracy was designed to achieve its alleged purpose; (4) the persons who were present when the conspiracy was formed; (5) the specific terms of the conspiratorial agreement; (6) the particulars as to all meetings and conversations in which he or any other defendant or known co-conspirator participated; (7) the location of any meetings or conversations in which he or any other defendant or known co-conspirator participated; and (8) the approximate date which he or any other defendant joined the conspiracy. Although the defendant mentions all of the aforementioned circumstances, he has repeatedly noted in his motion that the government should provide a bill of particulars concerning the "known but unidentified co-conspirators." The defendant reiterated this contention during oral argument, focusing on the failure of the government to provide the "known but unidentified co-conspirators."

The government notes this is a full discovery case. The government suggests the discovery "has been more than sufficient to inform the defendants of the identity of their known co-conspirators." The government argues that the defendant is also aware of its theory of the case. The government contends that the defendant does not need any additional information to prepare his defense, to avoid unfair surprise at trial, or to plead double jeopardy.

"'The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to

allow him to prepare his defense.'" United States v. Tyler, 42 Fed.Appx. 186, 190 (10th Cir. 2002) (quoting United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996)).  "A bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges'" against him.  United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992) (quoting United States v. Dunn, 841 F.2d 1026, 1030 (10th Cir. 1988)).  A bill of particulars is not a discovery device to obtain the government's evidence; instead, it is a device used to obtain the theory of the government's case where the indictment is too vague.  Tyler, 42 Fed.Appx. at 190.  Furthermore, where the government has provided discovery in abundance, defendants cannot assert that a bill of particulars is necessary because review of the documents would be copious or burdensome to conduct.  See Ivy, 83 F.3d at 1282.  A bill of particulars is not required where the information necessary for one's defense can be obtained through some other satisfactory form.  See United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991), cert. denied, 504 U.S. 910 (1992).  Thus, a defendant's access to evidence is a factor to be considered.  See United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995).  The district court has broad discretion in deciding a motion for a bill of particulars.  United States v. Edmonson, 962 F.2d 1535, 1541 (10th Cir. 1992).

The indictment sets forth the essential elements of the

conspiracy offense charged and provides the defendant with minimal notice of the charge against which he must defend. The court is satisfied that the indictment meets the minimal due process standards. The indictment is not so vague or incomplete as to prejudice the defendant in anticipating and preparing his defense or in later asserting double jeopardy protection. In addition, the government has provided voluminous discovery to the defendant. This discovery provides considerable information to the defendant concerning the nature of the conspiracy and the details surrounding it. Thus, the defendant can obtain the requested information through another satisfactory form.

Some of the detail that the defendant complains is lacking is not required to be in an indictment; nor is a bill of particulars meant to be a discovery device for this information. Specifically, neither the indictment nor the bill of particulars need identify: (1) the place where the conspiracy was formed; (2) the persons present when the conspiracy was formed; (3) the persons who participated in all meetings in furtherance of the conspiracy; (4) the specific terms of the conspiratorial agreement; (5) the specifics, including the location of all meetings and conversations in which the defendant participated, including the names of all persons that the government claims were co-conspirators; or (6) the date on which the defendant joined the conspiracy. This is essentially a request for the "whens, wheres and with whoms of acts

and participation in the charged conspiracy," which is not the proper function of a bill of particulars.  <u>United States v. Riggins</u>, 2008 WL 558087 at *2 (D.S.D. 2008) (citing <u>United States v. Jimenez</u>, 824 F.Supp. 351, 363 (S.D.N.Y.1993)).  Moreover, it is not necessary for a conviction that a conspirator "'know of the existence or identity of the other members of the conspiracy or the full extent of the conspiracy [as long as he has] a general awareness of both the scope and the objective of the enterprise.'"  <u>United States v. Eads</u>, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting <u>United States v. Evans</u>, 970 F.2d 663, 669-70 (10th Cir. 1992), <u>cert. denied</u>, 507 U.S. 922 (1993)), <u>cert. denied</u>, 530 U.S. 1231 (2000).  The government is not obligated to provide information on "known but unidentified co-conspirators."  <u>See</u> <u>United States v. Guebara</u>, 80 F.Supp.2d 1226, 1229 n. 3 (D.Kan. 1999); <u>United States v. Villota-Gomez</u>, 994 F.Supp. 1322, 1335 (D.Kan. 1998); <u>but see</u> <u>United States v. Anderson</u>, 31 F.Supp.2d 933, 938 (D.Kan. 1998).

In sum, the court is not persuaded that a bill of particulars is necessary here.  The defendant's motion shall be denied.

MOTION FOR DISCLOSURE OF EXPERT WITNESSES (Doc. # 76)--Molina

The defendant seeks to have the government provide (1) a written summary of any testimony that the government intends to use under Fed.R.Evid. 702, 703 and 705 during its case-in-chief; and (2) a summary of each expert witness' opinion and the reasons for that opinion and the witness' qualifications.

The government has responded that it has provided through discovery the information sought by the defendant. The government further notes that the case agent will testify as an expert regarding drug trafficking investigations, drug trafficking organizations and wiretap investigations. The government has provided some detail on the issues that the case agent or other law enforcement officers may testify about in a drug trafficking case. In addition, the government notes that written laboratory reports have been provided to defense counsel. The government indicates that it will later provide the resumé of the forensic chemists. Finally, the government notes it will present evidence concerning local geography, aerial photography, cellular phones and pagers.

The court believes the government has adequately responded to the defendant's motion. The government has generally provided what it will produce at trial through expert testimony. Accordingly, the court shall deny this motion as moot.

MOTION TO EXCLUDE CO-CONSPIRATORS' TESTIMONIAL STATEMENTS (Doc. # 79)--Molina

The defendant seeks to exclude any evidence that any of his alleged co-conspirators made any testimonial statements to law enforcement officials regarding him or any of his alleged co-defendants or co-conspirators unless the court first determines that the declarant is unavailable and that he had a prior opportunity to cross-examine the declarant. The government has made it clear that it does not intend to offer statements made by

a co-conspirator to a law enforcement officer during a custodial interrogation during its case-in-chief at trial.

With the government's statement, the court shall deny this motion as moot.

MOTION TO DISCLOSE IDENTITY OF GOVERNMENT INFORMANTS (Doc. # 70)--Molina

The defendant seeks an order requiring the government to disclose the identity of all confidential informants(CIs) that the government has or will use in the investigation and trial of this case. The defendant further seeks the following concerning these individuals: (1) statements made by them; (2) their police files; (3) drug and alcohol treatment information; (4) psychiatric or psychological information; (5) physical or mental impairments; (6) agreements or deals made; and (7) other impeachment or exculpatory evidence.

The government responds that the defendant has not shown that the disclosure of the identities of the CIs is necessary to insure a fair trial. The government asserts that the CIs here are "mere witnesses" and thus, it is not necessary that their identities be disclosed. The government contends that the CIs did not solely participate in any of the alleged offenses in the indictment. The government notes that "[e]ach distribution of controlled substances by this defendant alleged in this indictment was a hand-to-hand delivery of controlled substances to an undercover agent or informant working with an undercover agent."

The Tenth Circuit has provided the following guidelines for the disclosure of confidential informants:

> A defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. In determining whether to require disclosure, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense. The court conducts this balancing in light of the crime charged, the possible defenses, and the significance of the informant's testimony. Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure.

United States v. Gordon, 173 F.3d 761, 767 (10th Cir. 1999) (citing Roviaro v. United States, 353 U.S. 53, 62 (1957) and United States v. Sinclair, 109 F.3d 1527, 1538 (10th Cir. 1997)) (internal quotation marks omitted); see also United States v. Leahy, 47 F.3d 396, 398 (10th Cir. 1995) (stating that the testimony of a confidential informant "must be shown to be valuable to a defendant; mere speculation is not enough").

In examining the arguments of the parties, the court is not persuaded at this point that the defendant has met his burden of proof in showing that any informant's testimony would be valuable to him. At best, the defendant has only speculated about the testimony that any informant might be able to provide. The confidential informant privilege will not yield to permit a mere fishing expedition. The court will allow the defendant to file another motion to provide more detailed information about any

testimony that an informant might be able to offer here.

MOTION FOR JAMES HEARING (Doc. # 72)--Molina

The defendant seeks a <u>James</u> hearing to determine the admissibility of extrajudicial statements by the alleged co-conspirators. He argues that the lack of identification of some of the known co-conspirators requires a <u>James</u> hearing so that the court can determine the existence of a conspiracy prior to the introduction of any of their statements.

The government contends that a <u>James</u> hearing is not necessary in this case. The government argues that the defendant has failed to show that such a hearing is required.

Under Rule 801(d)(2)(E) of the Federal Rules of Evidence, a statement is not hearsay if it is made by "a co-conspirator of a party during the course and in furtherance of the conspiracy." Before a co-conspirator's statement can be admitted pursuant to Rule 801(d)(2)(E), the trial court must determine by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy. <u>United States v. Sinclair</u>, 109 F.3d 1527, 1533 (10th Cir. 1997). In deciding whether the prerequisites for admission of the co-conspirator's out-of-court statement have been satisfied, the court may consider the hearsay statement sought to be admitted in addition to the independent

16

evidence presented.  Id.; United States v. Johnson, 911 F.2d 1394,

1403 (10th Cir. 1990), cert. denied, 498 U.S. 1050 (1991).

"'[T]here need only be some independent evidence linking the

defendant to the conspiracy.'"  United States v. Lopez-Gutierrez,

83 F.3d 1235, 1242 (10th Cir. 1996) (quoting United States v.

Martinez, 825 F.2d 1451, 1453 (10th Cir. 1987)).  To be sufficient,

the independent evidence need not be substantial, but it must be

something other than the proffered statement.  Id.

Under Tenth Circuit law, the district court may satisfy the

prerequisites for admission of a co-conspirator statement through

either of two means:  by holding a James hearing or by

provisionally admitting the statement "with the caveat that . . .

the party offering [it] must prove the existence of the predicate

conspiracy through trial testimony or other evidence."  United

States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995).  Although it

has a "strong preference for James proceedings where the government

relies on co-conspirator statements," United States v.

Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998), cert. denied,

526 U.S. 1033 (1999), the Tenth Circuit permits a district court to

provisionally admit the statement with the caveat that the offering

party must prove the existence of the predicate conspiracy through

trial testimony or other evidence.  Id.  Thus, a trial court may

determine the admissibility requirements prior to or during trial

in a James hearing outside of the presence of the jury, or it may

provisionally admit the statement subject to proof at trial that connects up the statements to the predicate conspiracy elements. United States v. Powell, 982 F.2d 1422, 1432 (10th Cir. 1992), cert. denied, 507 U.S. 946 (1993); United States v. Hernandez, 829 F.2d 988, 994 (10th Cir. 1987) ("[D]ue to intertwining nature of the non-hearsay testimony and the challenged statements," the court was justified in provisionally admitting the statements in lieu of following the preferred procedure), cert. denied, 485 U.S. 1013 (1988). A defendant has no distinct right to a pretrial hearing with regard to the conspiracy determination. United States v. Hernandez, 829 F.2d at 994.

"[I]n certain instances where it is not 'reasonably practicable to require the showing to be made before admitting the evidence, the court may admit the statements subject to being connected up.'" United States v. Cardall, 885 F.2d 656, 669 (10th Cir. 1989) (quoting United States v. Petersen, 611 F.2d 1313, 1330 (10th Cir. 1979)) (quoting in turn United States v. James, 590 F.2d 575, 582 (5th Cir.) (en banc), cert. denied, 442 U.S. 917 (1979), cert. denied, 447 U.S. 905 (1980)). The decision to deviate from the preferred procedure resides within the trial court's sound discretionary judgment, but absent a substantial reason the preferred order of proof should be followed. United States v. Troutman, 814 F.2d 1428, 1448 (10th Cir. 1987). This exercise of discretion is often based "on the particular configuration of the

government's evidence and the constraints of a multi-defendant trial." <u>United States v. Roberts</u>, 14 F.3d 502, 514 (10th Cir. 1993).

The court has carefully considered all of the circumstances in this case. Based upon that examination, the court has determined that it will deny the defendant's motion for a <u>James</u> hearing and allow the government to admit the statements at trial subject to being connected up. Given the vast amount of evidence in this case, including the wiretaps and the guilty pleas, the court believes that it is safe in following this procedure. The size and scope of this alleged conspiracy would make a pretrial <u>James</u> hearing unpractical. Accordingly, this motion shall be denied.

MOTION FOR ADEQUATE COURT FACILITIES (Doc. # 77)--Molina

The defendant seeks an order allowing him and his counsel to sit at a table separate from the other defendants at trial. The defendant suggests that sharing a table with the other defendants would be impractical and prejudicial. The defendant points to the following problems with sitting at the same table as the other defendants: (1) likelihood that the bad acts of the other defendants will be attributed to him; and (2) attorney-client privilege may be compromised because conversations between the two may be overheard by other defendants and their attorneys.

The government "adamantly" opposes this motion. The government contends that the arguments raised by defendant are

either frivolous or overstated.

"The criminal process presumes that the defendant is innocent until proved guilty." <u>United States v. Larson</u>, 460 F.3d 1200, 1214 (9th Cir.2006) (citing <u>Deck v. Missouri</u>, 544 U.S. 622, 630 (2005)). "Accordingly, the Constitution prohibits any courtroom arrangement or procedure that 'undermines the presumption of innocence and the related fairness of the factfinding process.'" <u>Id</u>. (quoting <u>Deck</u>, 544 U.S. at 630). The presumption of innocence is undermined when there is an unacceptable risk that impermissible factors will come into play. <u>Id</u>. (citing <u>Estelle v. Williams</u>, 425 U.S. 501, 503 (1976)). In situations where the courtroom arrangement is challenged, the court must determine whether the arrangements create an unacceptable risk to the defendant's right to a fair trial. <u>Id</u>.; <u>see</u> <u>also</u> <u>Tyler v. Nelson</u>, 163 F.3d 1222, 1229 (10th Cir. 1999). The decision whether to grant a defendant's motion is within the discretion of the court. <u>Tyler</u>, 163 F.3d at 1229.

The court shall deny this motion. The court notes that there are presently only five defendants in this case. The court is not persuaded the request made by the defendant is needed here. The court certainly believes that the arguments made by the defendant are overstated. The court does not believe that the "guilt by association" argument has any merit. The court is persuaded that the instructions to the jury will remedy this concern. Moreover, the court believes that the defendant and his counsel will be able

to communicate without attorney-client privilege problems.

MOTION TO PROHIBIT GOVERNMENT LAW ENFORCEMENT OFFICERS OR
COOPERATING INDIVIDUALS FROM APPROACHING DEFENDANT AND ATTEMPTING
TO DISCUSS POSSIBLE PAST OR FUTURE ILLEGAL ACTIVITY WITH DEFENDANT
(Doc. #74)--Molina

The defendant seeks to prohibit the government from
approaching him through the use of law enforcement officers or
cooperating individuals to discuss possible past or future illegal
activity. He suggests that he has invoked his Fifth Amendment
right to silence and that any conversations with him should be
conducted with his attorney present. He argues that any such
conduct by the government would violate <u>Edwards v. Arizona</u>, 415
U.S. 477 (1981). The government indicates that it has not engaged
in any such conduct and does not intend to engage in any such
conduct.

The court understands the law as suggested by the defendant.
If such conduct would occur, the court would no doubt be required
to suppress such evidence. The court further believes that the
government understands its obligations under the law. The court
sees no purpose in granting this motion. The court will deny it as
moot.

MOTION TO INSPECT GRAND JURY TRANSCRIPTS AND MINUTES (Doc. # 66)--
Molina

The defendant seeks to examine the testimony of all witnesses
who testified before the grand jury and will be called as
government witnesses at trial. Specifically, the defendant seeks

21

to examine the testimony of "known but unidentified co-conspirators" or the summaries of their testimony by law enforcement agents who testified before the grand jury. He contends that this information should be provided to him prior to trial so he can adequately confront these witnesses. He also requests the grand jury testimony so he can determine if it contains any exculpatory material. Finally, he requests the grand jury testimony so he can determine whether the government informed the grand jury that cooperating witnesses would receive benefits for their cooperation and/or testimony. The government argues that the motion should be denied because the defendant has failed to show a particularized need for the grand jury information.

Fed.R.Crim.P. 6 governs disclosure of grand jury minutes, witnesses and transcripts. The secrecy of the grand jury proceedings is extremely important. United States v. Procter & Gamble, 356 U.S. 677, 682 (1958). The Supreme Court has repeatedly held that grand jury materials can be disclosed only when the party requesting disclosure shows a particularized need that outweighs the policy of secrecy. Dennis v. United States, 384 U.S. 855, 870 (1966). The burden to show that particularized need falls upon the party requesting the disclosure. Douglas Oil Co. Of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979). The request must be structured to cover only material needed to avoid injustice. In re Grand Jury, 118 F.3d 1433, 1437 (10th Cir.1997). It must be

more than just permission "to engage in a fishing expedition." Id.

The court believes defendant has failed to adequately show that a grand jury transcript is necessary to avoid injustice or to advance a substantial interest in this case. The defendant has simply failed to demonstrate a particularized need for the pretrial disclosure of the grand jury transcripts. Therefore, this motion shall be denied.

MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS (Doc. # 172)--Rubio

Defendant Rubio is charged in Count 1 and Counts 57 to 62. Count 1 is the conspiracy charge. Counts 57 to 60 charge the use of a telephone to facilitate a drug crime. Count 61 charges possession with intent to distribute a detectable amount of methamphetamine. Count 62 charges possession of firearms in furtherance of a drug trafficking crime.

In her motion to dismiss, the defendant contends the evidence in support of Count 1 and Counts 57 to 62 is insufficient. The defendant points to the transcripts of the phone conversations that provide support for charges in Counts 57 to 60. The defendant argues that the matters discussed during those telephone conversations do not show a violation of 21 U.S.C. § 843(b). The defendant further contends that the evidence of her participation in the charged conspiracy is also lacking. Finally, the defendant contends that there is no evidence to support the charges that she possessed methamphetamine with intent to distribute it or firearms

in furtherance of a drug trafficking crime. Thus, the defendant seeks dismissal of all of these counts. In the alternative, the defendant requests that the court issue a bill of particulars on Count 1 of the indictment. She contends that she lacks sufficient information to determine her participation in the conspiracy and, thus, cannot adequately prepare for trial.

Generally, the sufficiency of the evidence may not be challenged by a pretrial motion. <u>United States v. Hall</u>, 20 F.3d 1084, 1088 (10th Cir. 1994). However, in rare cases, a district court may dismiss "under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." <u>Id</u>. In such circumstances, the court is simply deciding, as a matter of law, that the government cannot prove its case beyond a reasonable doubt.

Based upon the presentation to the court, the court is not persuaded that the defendant is entitled to dismissal of these counts. The government points out that the facts are not undisputed here. The government notes that additional evidence exists to support the charges against the defendant. The court simply cannot dismiss these counts at this time. In addition, for the reasons previously stated in denying defendant Molina's motion for bill of particulars, the court shall also deny defendant's

24

motion for a bill of particulars.

**IT IS THEREFORE ORDERED** that the government's motion to amend/correct indictment (Doc. # 146) be hereby granted. The Clerk is directed to amend Count 62 by interlineation to change the language from "as alleged in count 62 herein" to "as alleged in Count 61 herein."

**IT IS FURTHER ORDERED** that the following motions filed by defendant Molina are denied: (1) motion for bill of particulars (Doc. # 64); (2) motion for disclosure of grand jury transcripts and minutes (Doc. # 66); (3) motion for identification of expert witness (Doc. # 76); (4) motion to exclude co-conspirators' testimonial statements (Doc. # 79); (5) motion to disclose identities and personal information regarding confidential informants (Doc. # 70); (6) motion for <u>James</u> hearing (Doc. # 72) ; (7) motion to prohibit government from approaching him (Doc. # 74); and (8) motion for adequate court facilities (Doc. # 77).

**IT IS FURTHER ORDERED** that defendant Figuero-Banuelos' motion to dismiss (Doc. # 100) be hereby denied.

**IT IS FURTHER ORDERED** that defendant Rubio's motion to dismiss or, in the alternative, motion for bill of particulars (Doc. # 172) be hereby denied.

**IT IS SO ORDERED.** Dated this 9th day of June, 2010 at Topeka, Kansas.

s/Richard D. Rogers

United States District Judge